The plaintiff complained that the defendant and his wife executed to the plaintiff a sealed promissory note, payable to bearer, in the principal sum of $12,941.89, upon which there now remains due $11,658.00, and that there has heretofore existed and now exists a default in payment of the note according to its tenor.
It is further alleged that the defendant and his wife, simultaneously with the execution and delivery of the said note, executed and delivered a deed of trust to the plaintiff, conveying the title to certain lands in trust, to secure the payment of the said note, which said deed of trust contained the following provision: "In order to further secure the payment of the indebtedness described in this deed of trust, the grantor has simultaneously herewith executed and delivered to the trustee an assignment of the rents from the above described property and of the grantor's interest in any and all leases of such property or any part thereof."
The defendant and his wife, it is alleged, further executed and delivered to the plaintiff an assignment of rents, income, and profits from the property described, authorizing amongst other things the possession of the property covered by the deed of trust, the cancellation of existing leases, and the making of new leases, the making of collections and the institution and maintenance of possessory proceedings with respect to any or all of the property in the same manner as if plaintiff were the absolute owner; and making the trustee attorney in fact for all these purposes. The assignment contained the following provision: "4. The *Page 782 
Trustee shall have the right to appoint and employ such agents and attorneys, including either or both of the undersigned, as it may deem desirable in connection with the foregoing and neither the Trustee nor any successor in the trust shall be answerable for the fault or misconduct of any agent or attorney so appointed, provided that such agent or attorney shall have been selected with reasonable care."
Thereafter, upon an allegation that defendant had proceeded in violation of the contract to collect the assigned rents, the plaintiff brought an action for injunction, which proceeded to judgment. In this action the plaintiff incurred certain costs and became obligated to the attorneys employed by it in connection therewith in the sum of $250.00. Upon notice to the defendant, the plaintiff trustee filed a motion in the cause praying that the court would authorize and direct it, as trustee, to pay the attorneys' fees and court costs involved in the action out of the trust funds in its hands.
This motion was allowed and the defendant appealed from the allowance of counsel fees.
The Court being evenly divided, three to three, upon the decision of this case, under our practice the judgment of the court below is affirmed. This constitutes no precedent for the decision of other cases.
Affirmed.
WINBORNE, J., did not sit on the hearing of this appeal.